MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
HECTOR ALVARENGA and OSCAR
RIVERA, *individually and on behalf of others
similarly situated*,

       *Plaintiffs*,

  -against-

POLLOS MARIO BRENTWOOD CORP.
(d/b/a POLLOS MARIO STEAK HOUSE &
SEAFOOD), OSCAR FRANCO, CESAR
TOBON and JOHN DOE,
       *Defendants*.
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

  Hector Alvarenga and Oscar Rivera, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Pollos Mario Brentwood Corp. (d/b/a Pollos Mario Steak House & Seafood), Oscar Franco, Cesar Tobon and John Doe (collectively, "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

  1. This is an action to recover minimum and overtime wages, liquidated damages, interest, costs, and attorneys' fees for violations of the FLSA ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2. Plaintiffs are former employees of Pollos Mario Brentwood Corp. (d/b/a Pollos Mario Steak House & Seafood), Oscar Franco, Cesar Tobon and John Doe.

3. Defendants own, operate, and/or control a restaurant located at 78 Wicks Rd., Brentwood, New York 11717 under the name Pollos Mario Steak House & Seafood.

4. Upon information and belief, defendants Oscar Franco, Cesar Tobon and John Doe serve or served as owners, managers, principals or agents of defendant Pollos Mario Brentwood Corp., and, upon information and belief, the individual defendants and this corporate entity operates or operated the restaurant known as Pollos Mario Steak House & Seafood as a joint or unified enterprise.

5. Plaintiffs were primarily employed as porters, cooks, dishwashers and basement attendants.

6. Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

7. Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

9. Defendants' conduct extends beyond Plaintiffs to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiffs bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*; the New York Labor Law (NYLL) §§ 650 et seq. and regulations, 12 N.Y.C.R.R. § 142-2.2; for violations of NYLL Article 6; and for applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

13. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

14. Plaintiff Hector Alvarenga ("Mr. Alvarenga" or "Plaintiff Alvarenga") is an adult individual residing in Brentwood, New York. Mr. Alvarenga was employed by the Defendants from March 2007 to December 2012.

15. Plaintiff Oscar Rivera ("Mr. Rivera" or "Plaintiff Rivera") is an adult individual residing in Brentwood, New York. Mr. Rivera was employed by the Defendants from December 2008 until July 2009 and from October 2009 to April 2013.

*Defendants*

16. At all times relevant to this Complaint, Defendants own, operate, and/or control a restaurant located at 78 Wicks Rd., Brentwood, New York 11717, under the name Pollos Mario Steak House & Seafood.

17. Upon information and belief, Pollos Mario Brentwood Corp. ("Defendant Corporation"), is a corporation organized and existing under the laws of the State of New York, and maintains its principal place of business at 78 Wicks Rd., Brentwood, New York 11717.

18. Defendant Oscar Franco is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

19. Defendant Oscar Franco is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

20. Oscar Franco possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21. Defendant Cesar Tobon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

22. Defendant Cesar Tobon is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

23. Cesar Tobon possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24. Defendant John Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25. Defendant John Doe is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

26. John Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27. Defendants operate a restaurant located in Brentwood, New York.

28. Defendants maintain as their principal place of business a centralized office which is also the location of the restaurant.

29. Upon information and belief, the Defendants Oscar Franco, Cesar Tobon and John Doe possess or possessed operational control over the Defendant Corporation, possess or possessed an ownership interest in the Defendant Corporation, and control or controlled significant functions of the Defendant Corporation.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possesses substantial control over Plaintiffs (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals referred to herein.

32. Defendants jointly employ Plaintiffs and all similarly situated individuals, and were their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. In the alternative, the Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34. Upon information and belief, individual Defendants Oscar Franco, Cesar Tobon and John Doe operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

   b. defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

d. operating Defendant Corporation for their own benefit as the sole or majority shareholders;

e. operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f. intermingling assets and debts of their own with Defendant Corporation; and

g. other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff's, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their services.

36. In each year from 2007 to the present, the Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the restaurant on a daily basis, such as olive oil and meat, were produced outside of the State of New York.

*Individual Plaintiffs*

38. Plaintiffs were former employees of the Defendants, who were primarily employed as porters, cooks, dishwashers and basement attendants.

39. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hector Alvarenga*

34. Plaintiff Alvarenga was employed by Defendants from approximately March 2007 to December 2012.

35. At all times relevant to this Complaint, Mr. Alvarenga was an employee of Defendants employed to work as a dishwasher, basement attendant and cook

36. Mr. Alvarenga's work duties required neither discretion nor independent judgment.

37. Mr. Alvarenga regularly handled goods in interstate commerce, such as fish, meats, vegetables and other supplies produced outside of the State of New York.

38. Throughout his employment with Defendants, Plaintiff Alvarenga regularly worked in excess of 40 hours per week.

39. From approximately August 2007 until December 2012, Mr. Alvarenga worked from 11:00 a.m. to 9:00 p.m. on Mondays, from 1:00 p.m. to 10:00 p.m. on Tuesdays and Thursdays, from 1 p.m. to 11:00 p.m. on Fridays, from 11:00 a.m. to 10:00 p.m. on Saturdays and from 9:00 a.m. to 9:00 p.m. on Sundays (Typically 61 hours per week).

40. Throughout his employment with the Defendants, Plaintiff Alvarenga was paid his wages in both check and cash.

41. From approximately August 2007 until on or about December 2008, Mr. Alvarenga was paid at the rate of $8.00 per hour.

42. From approximately December 2008 until on or about December 2009, Mr. Alvarenga was paid at the rate of $8.50 per hour

43. From approximately December 2009 until on or about December 2010, Mr. Alvarenga was paid at the rate of $9.00 per hour.

44. From approximately December 2010 until on or about December 2011, Mr.

Alvarenga was paid at the rate of $9.50 per hour.

45. From approxomately December 2011 until on or about December 2012, Mr. Alvarenga was paid at the rate of $10.00 per hour.

46. However, throughout his employment, Defendants paid Plaintiff Alvarenga his wages through a check for 40 hours at the minimum wage and the rest of the wages in cash.

47. Defendants never provided Mr. Alvarenga with break periods of any kind during his work hours.

48. Plaintiff Alvarenga's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49. Mr. Alvarenga was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

50. Further, Defendants did not provide Mr. Alvarenga with any document or other statement accurately accounting for all of his actual hours worked, or setting forth the rate of pay for all of his hours worked.

51. Defendants did not provide Plaintiff Alvarenga with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

52. No notification, either in the form of posted notices or other means, was given to Plaintiff Alvarenga regarding overtime and wages under the FLSA and NYLL.

53. Defendants never provided Plaintiff Alvarenga with a written notice, in English and in Spanish (Plaintiff Alvarenga's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Oscar Rivera*

54. Plaintiff Rivera was employed by Defendants from approximately December 2008 until July 2009 and from October 2009 until April 2013.

55. At all times relevant to this Complaint, Mr. Rivera was an employee of Defendants employed to work as a porter and a cook.

56. Mr. Rivera's work duties required neither discretion nor independent judgment.

57. Mr. Rivera regularly handled goods in interstate commerce, such as fish, meats, vegetables and other supplies produced outside of the State of New York.

58. Throughout his employment with Defendants, Plaintiff Rivera regularly worked in excess of 40 hours per week.

59. From approximately December 2008 until July 2009, Mr. Rivera worked from 10:00 p.m. to 8:00 a.m., four days a week, and from 10:00 p.m. to 11:00 a.m. two days a week (Typically 66 hours per week).

60. From approximately October 2009 until April 2013, Mr. Rivera worked from 11:00 a.m. to 10:00 p.m., Friday through Wednesday (Typically 66 hours per week).

61. From December 2008 to July 2009, Plaintiff Rivera was paid his wages in cash.

62. From October 2009 to April 2013, Plaintiff Rivera was paid partially by check and partially in cash.

63. From approximately December 2008 until on or about July 2009, Defendants paid Plaintiff Rivera $8.00 per hour. However, he was not paid for 6 hours he worked each week.

64. From October 2009 to October 2010, Defendants paid Plaintiff Rivera $8.00 per hour.

65. From approximately November 2010 until on or about November 2011, Defendants paid Plaintiff Rivera $9.00 per hour.

66. From approximately December 2011 until on or about February 2013 Defendants paid Plaintiff Rivera $10.50 per hour.

67. From approximately February 2013 until on or about March 2013, Defendants paid Plaintiff Rivera $9.00 per hour.

68. From approximately March 2013 until on or about April 2013, Defendants paid Plaintiff Rivera $10.50 per hour.

69. Defendants never provided Mr. Rivera with break periods of any kind during his work hours.

70. Plaintiff Rivera's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

71. Mr. Rivera was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

72. Further, Defendants never provided Mr. Rivera with any document or other statement accurately accounting for all of his actual hours worked, or setting forth the rate of pay for all of his hours worked.

73. Defendants did not provide Plaintiff Rivera with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

74. No notification, either in the form of posted notices or other means, was given to Plaintiff Rivera regarding overtime and wages under the FLSA and NYLL.

75. Defendants never provided Plaintiff Rivera with a written notice, in English and in Spanish (Plaintiff Rivera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

76. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation and "spread of hours" pay, as required by federal and state laws.

77. Defendants' pay practices resulted in Plaintiffs and all similarly situated employees not receiving payment for all of their hours worked, resulting in their effective rate of pay falling below the required minimum wage rate.

78. Defendants did not pay Plaintiffs and similarly situated employees for their full time worked, overtime pay, or spread-of-hours pay.

79. Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs and all similarly situated employees with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of the employees' relative lack of sophistication in wage and hour laws.

80. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

81. Defendants did not provide Plaintiffs and all similarly situated employees with any document or other statement accurately accounting for their actual hours worked, and setting forth the minimum wage and overtime wage rates.

82. Plaintiffs and all similarly situated employees were paid part of their wages by check and the rest in cash.

83. Upon information and belief, this was done to disguise the actual number of hours the employees worked, and to avoid paying them properly for (1) their full hours worked, and (2) overtime due.

84. Plaintiffs experience was representative of all those who were similarly situated, who worked for the Defendants, who were paid partially by check and the rest in cash and never received any document or statement that stated the rate of pay or actual number of hours worked.

85. Defendants did not provide Plaintiffs and similarly situated employees, with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

86. Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88. Plaintiffs bring his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

89. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime, and willfully failing to keep records required by the FLSA.

90. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203 (r-s).

94. Defendants failed to pay Plaintiffs and the FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95. Defendants' failure to pay Plaintiffs and the FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96. Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

97. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98. Defendants, in violation of 29 U.S.C. § 207(a)(1) of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

99. Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100. Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

101. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102. Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

103. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

104. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

105. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106. Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

107. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

108. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

109. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten hours

in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4(a) (2009).

111. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

112. Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

113. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

115. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

116. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

117. Defendants did not provide Plaintiffs wage statements upon each payment of wages, as required by NYLL 195(3).

118. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c) Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(e) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(h) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(i) Declaring that Defendants have violated the spread-of-hours requirements of the

NYLL and supporting regulations;

(j)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the NYLL were willful;

(l)     Declaring that Defendants have violated the provisions of section 191 of the NYLL;

(m)     Awarding Plaintiffs damages under the NYLL for the amount of unpaid minimum and overtime wages as well as damages for violations of section 191 of the NYLL;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of compensation due minimum wage and overtime compensation shown pursuant to NYLL § 663 and 198-d;

(p)     Awarding Plaintiffs and the FLSA class members prejudgment interest and the expenses incurred in this action, including costs and attorneys' fees, as provided by the FLSA and the NYLL;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 13, 2013

By: _____
    Michael Faillace

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*